UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIS RANDOLPH,<br><br>             Plaintiff,<br><br>       v.<br><br>ROBERT RAINWATER, et. al,<br><br>             Defendants. | Case No.: 1:13-cv-00016 – JLT (PC)<br><br>ORDER TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT<br><br>(Docs. 1, 2) |

Plaintiff Willis Randolph ("Plaintiff") seeks to proceed pro se and in forma pauperis in this action, which he commenced on December 27, 2012 (Docs. 1 and 2). On January 3, 2013, Plaintiff's matter was transferred from Sacramento to this Court. Plaintiff's complaint alleges ineffective assistance of counsel by Defendants Robert Rainwater, Jim Oppliger, and Katherine Hart. (Doc. 1). For the following reasons, Plaintiff's motion to proceed in forma pauperis is recommended to be **DENIED** and his complaint be **DISMISSED**.

   **I.       Application to proceed in forma pauperis**

As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 U.S.C. § 1914(a). However, the Court may authorize the commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Therefore, an action may proceed despite a failure to prepay the filing fee only if

1

leave to proceed in forma pauperis is granted by the Court.  See Rodriguez v. Cook, 169 F.3d 1178, 1177 (9th Cir. 1999).

The Ninth Circuit has held "permission to proceed in forma pauperis is itself a matter of privilege and not a right; denial of an informa pauperis status does not violate the applicant's right to due process." Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984) (citing Weller v. Dickson, 314 F.2d 598, 600 (9th Cir. 1963)).  In addition, the Court has broad discretion to grant or deny a motion to proceed IFP.  O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir. 1990); Weller, 314 F.2d at 600-01.  In making a determination, the court "must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." Temple v. Ellerthorpe, 586 F.Supp. 848, 850 (D.R.I. 1984).

Here, the Court recommends Plaintiff's application to proceed be **DENIED** because, as discussed below, Plaintiff's complaint fails to state a meritorious claim upon which relief may be granted.  See 28 U.S.C.§ 1915(e)(2).

**II.   Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "... short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. *See* McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir.1996) (referring to Fed.R.Civ.P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See* Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir.1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.

///

///

### III.     Plaintiff's Complaint

Plaintiff alleges that on or about 1987 or 1990, Defendants Rainwater, Obbliger, and Hart committed legal malpractice and rendered ineffective assistance of counsel. (Doc. 1 at 6). Plaintiff alleges that the criminal prosecutor, Obbliger, withheld DNA evidence of hair samples that would have "freed" Plaintiff and Rainwater, the federal defender, failed to force Obbliger to comply with a court order to produce such evidence. (Doc. 1 at 3 and 6). Plaintiff further claims that his appellate attorney, Defendant Hart, failed to raise ineffective assistance of counsel as grounds for the appeal. (Doc. 1 at 3). Plaintiff's prayer requests general and punitive damages, but his claim for relief seeks an "evidentiary hearing and asks that his conviction be vacated." (Doc. at 3 and 8).

Plaintiff's claim fails for two reasons. First and most importantly, this Court does not have jurisdiction over Plaintiff's claim. To state a claim under section 1983, a plaintiff must plead (1) that the defendant acted under color of state law and (2) that the defendant deprived him of rights secured by the Constitution or federal statutes. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir.1986). Plaintiff has not alleged facts against any defendant to satisfy either element. Additionally, when public defenders are acting in their role as advocate, they are not acting under color of state law for section 1983 purposes. *See* Georgia v. McCollum, 505 U.S. 42, 53, 112 S.Ct. 2348, 120 L.Ed.2d 33 (1992); Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir.2003). As a result, Plaintiff fails to state a cognizable claim for relief under section 1983 against Defendants Rainwater, Oppliger, and Hart. To the extent Plaintiff alleges legal malpractice, this is a state-law claim for which "there exists no independent basis of federal jurisdiction." *See* Aragon v. Federated Dept. Stores, Inc.., 750 F.2d 1447, 1457-58 (9th Cir.1985) (finding no jurisdiction over state law malpractice claim action against law firm for mishandling of labor grievance).

Second, Plaintiff's claim constitutes a challenge to the fact or duration of his confinement. When a prisoner, like Plaintiff, challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); Young v.

Kenny, 907 F.2d 874 (9th Cir.1990), *cert. denied* 11 S.Ct. 1090 (1991).[1] Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488.

Dismissal of a pro se complaint for failure to state a claim is proper where it is obvious that the plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. *See* Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000) (en banc). Based on the facts alleged, Plaintiff cannot state a claim for section 1983 relief and it appears granting leave to amend the complaint would be futile. Accordingly, the Court recommends that the complaint be dismissed without leave to amend for failure to state a claim. Plaintiff may file a petition for writ of habeas corpus if he so chooses.

In addition, the wrongdoing alleged by Plaintiff seems to have occurred over 20 years ago. (Doc. 1 at 6). For claims brought under 42 U.S.C. § 1983, the applicable statute of limitations is California's statute of limitations for personal injury actions. *See* Wallace v. Kato, 549 U.S. 384, 387–88, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007); Wilson v. Garcia, 471 U.S. 261, 280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); Karim–Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir.1988). In California, there is a two-year statute of limitations in § 1983 cases. *See* Cal.Civ.Proc.Code § 335.1; Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir.2004); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir.2004) ("[f]or actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions."). State tolling statutes also apply to § 1983 actions. *See* Elliott v. City of Union City, 25 F.3d 800, 802 (citing Hardin v. Straub, 490 U.S. 536, 543–44, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1998)). California Civil Procedure Code § 352.1(a) provides tolling of the statute of

---

[1] It appears, from the exhibits attached to Plaintiff's complaint, that Plaintiff has previously filed a writ of habeas corpus challenging his 1986 conviction. (Doc. 1 at 54; *see also* Randolph v. Smith (E.D. Cal., May 9, 2008, 193CV-05604 LJO JFMP) 2008 WL 2020437 aff'd sub nom. Randolph v. California (9th Cir. 2010) 396 Fed.Appx. 432).

1  limitations for two years when the plaintiff, "at the time the cause of action accrued, [is] imprisoned on a criminal charge, or in execution under sentence of a criminal court for a term of less than for life."[2]  Accordingly, prisoners generally have four years from the time the claim accrues to file their action.

Notwithstanding California's state statute of limitations, including statutory and equitable tolling, in the context of a § 1983 action, it is "federal law" which "governs when a claim accrues." Fink v. Shedler, 192 F.3d 911, 914 (9th Cir.1999) (citing Elliott v. City of Union City, 25 F.3d 800, 801–02 (9th Cir.1994)). "A claim accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of action." Id. (citing Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir.1996)).  Here, based upon the documents attached to Plaintiff's complaint, including Plaintiff's prior writ of habeas corpus filed in 2002, Plaintiff's claim accrued more than four years ago and would therefore be barred by the statute of limitations.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. The Clerk of the Court is DIRECTED to assign this matter to a District Judge.

**FINDINGS AND RECOMMENDATIONS**

Plaintiff has failed to state a cognizable claim under 42 U.S.C. § 1983 against any defendant. Therefore, the Court **RECOMMENDS**:

1. Plaintiff's motion to proceed in forma pauperis (Doc. 2) be **DENIED;**

2. The complaint (Doc. 1) be **DISMISSED**.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 4, 2013**              /s/ Jennifer L. Thurston
                                     UNITED STATES MAGISTRATE JUDGE